**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7537**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRUCE KEIBER, a/k/a Bruce Harper, a/k/a Red,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Mark S. Davis, Chief District Judge.  (4:13-cr-00005-MSD-TEM-1; 4:15-cv-00010-MSD)

Submitted:  December 30, 2019                    Decided:  January 13, 2020

Before Duane BENTON, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation, Kent A. JORDAN, Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation, and Ronald Lee GILMAN, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.[1]

Dismissed by unpublished per curiam opinion.

---

[1] As all members of the United States Court of Appeals for the Fourth Circuit are recused in this case, a panel of judges from outside the Circuit was appointed for this appeal pursuant to 28 U.S.C. §§ 291, 294 (2018).

Bruce Keiber, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bruce Keiber pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2018), and the district court sentenced him to 84 months' imprisonment. Keiber did not file a direct appeal, but challenged his conviction and sentence through a 28 U.S.C. § 2255 (2018) motion. He now seeks to appeal the district court's orders denying relief on his motion.

I.

Keiber may not appeal from the denial of his § 2255 motion unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2018). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2018). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

Although the Government has not sought to enforce the valid appellate waiver in Keiber's plea agreement, *United States v. Jones*, 667 F.3d 477, 486 (4th Cir. 2012), Keiber's challenges to the denial of his ineffective-assistance-of-counsel claims fall outside the scope of the waiver in any event, *United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir.

3

1994).[2]  To succeed on an ineffective-assistance-of-counsel claim, the movant must show that counsel's performance was constitutionally deficient and that the deficient performance was prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984).  To satisfy the performance prong of *Strickland*, the movant must demonstrate that trial counsel's representation fell below an objective standard of reasonableness under "prevailing professional norms," and he must overcome the presumption that "the challenged action might be considered sound trial strategy."  *Id.* at 688-89 (internal quotation marks omitted).  To satisfy the prejudice prong of *Strickland*, the movant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

## II.

Keiber first contends that counsel rendered ineffective assistance by failing to investigate and pursue an actual-innocence defense.  He emphasizes that his wife testified during a related state-court proceeding that the firearm forming the basis of his conviction belonged to her and that she had the only key to the lock box in which the firearm was discovered.  We conclude that jurists of reason would not find debatable the district court's dismissal of this claim.  Even if Keiber's wife confessed during the state-court proceeding that the firearm belonged to her, Keiber admitted at the time of his arrest that the firearm

---

[2] Keiber has forfeited appellate review of the remaining claims in his § 2255 motion. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

belonged to him and, when questioned by the officers, his wife denied any knowledge of the firearm. Given these conflicting statements, it was reasonable for counsel to advise Keiber to plead guilty and not pursue an actual-innocence defense.

III.

Keiber next argues that the district court misconstrued his claim that counsel rendered ineffective assistance by failing to challenge the enhanced base offense level under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2012). We agree, but conclude that Keiber has not demonstrated that jurists of reason would find debatable the district court's denial of relief.

In the presentence report, the probation officer recommended an enhanced base offense level under § 2K2.1(a)(2) because Keiber committed the § 922(g)(1) offense after sustaining convictions for a controlled-substance offense and a crime of violence. The probation officer clarified at the sentencing hearing that the enhancement was due to Keiber's prior convictions for which he was sentenced in August 1999 and March 1994. In August 1999, Keiber was sentenced in Maryland state court for resisting arrest, having a handgun on his person, and possessing marijuana, and, in March 1994, he was sentenced in Virginia state court for possession with intent to distribute cocaine.

In his § 2255 motion, Keiber averred that his prior Maryland convictions for resisting arrest and possession of marijuana could not both be used to enhance his base offense level because they were not assigned separate criminal history points. The district court, however, interpreted Keiber's motion as arguing that the enhanced base offense level was improper because the three convictions for which he was sentenced in August 1999

5

should not have been assigned separate criminal history points. The court rejected that argument because those three convictions were not, in fact, counted separately.

Although the court misconstrued Keiber's argument, it correctly determined that the factual basis for his claim is inaccurate. Keiber rightly asserts that "only those felony convictions that are counted separately" for the purpose of assigning criminal history points may be used to enhance a defendant's sentence under § 2K2.1(a)(2) and that his Maryland convictions for resisting arrest and possession of marijuana were not counted separately. USSG § 2K2.1 cmt. n.10. But the § 2K2.1(a)(2) enhancement was also based on Keiber's prior Virginia conviction for possession with intent to distribute cocaine, which was assigned separate criminal history points. Thus, we conclude that counsel did not render ineffective assistance by failing to object to the enhanced base offense level on the ground identified by Keiber.

## IV.

Keiber's final argument is that counsel rendered ineffective assistance by failing to note an appeal after being instructed to do so. The district court rejected this claim after an evidentiary hearing. "Factual findings adduced from the evidence presented at a § 2255 hearing are reviewed for clear error." *United States v. Basham*, 789 F.3d 358, 368 (4th Cir. 2015). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ragin*, 820 F.3d 609, 617 (4th Cir. 2016) (internal quotation marks omitted). "When reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the

district court to observe witnesses and weigh their credibility." *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (alteration and internal quotation marks omitted).

The district court heard testimony from Keiber, counsel, and an investigator with the Federal Public Defender's Office. Based on that testimony, the court found it possible that Keiber told counsel he wanted to appeal immediately after the sentencing hearing and that counsel visited Keiber in jail after the hearing to follow up on that request. But the court also found it possible that counsel visited Keiber because of the difficult sentencing hearing, which the court remembered well. In any event, the court observed that both counsel and the investigator testified that Keiber expressly stated at the jail meeting that he did not wish to appeal. The court therefore concluded that Keiber had not established by a preponderance of the evidence that he unequivocally instructed counsel to note an appeal.

Keiber mainly challenges the court's factual findings regarding whether he asked counsel to appeal after the sentencing hearing. The court, however, concluded that this fact was irrelevant because Keiber expressly stated that he did not want to appeal during the subsequent meeting at the jail. Because we must defer to the court's finding that counsel and the investigator were more credible than Keiber, we conclude that jurists of reason would not find debatable the court's rejection of Keiber's final claim.

V.

We deny Keiber's motion for appointment of counsel, deny a certificate of appealability, and dismiss the appeal. We dispense with oral argument because the facts

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*